UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

PATRICIA BROCKMAN,

        Plaintiff,

vs.

PRUDENTIAL INSURANCE COMPANY
OF AMERICA,

        Defendant.

CASE NO. _____

REMOVED FROM JACKSON CO.
CIRCUIT COURT
CASE NO. 17-CI-199

## **DEFENDANT'S NOTICE OF REMOVAL**

Defendant, The Prudential Insurance Company of America ("Prudential"), by and through its attorneys, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby files this Notice of Removal with respect to the above captioned case, which was filed and currently is pending in the Commonwealth of Kentucky, Jackson County Circuit Court. In support of its Notice of Removal, Prudential states as follows:

### **Background and Timeliness**

1.    On December 20, 2017, Plaintiff Patricia Brockman ("Plaintiff") commenced a civil action against Prudential by filing a complaint in the Jackson County Circuit Court, Commonwealth of Kentucky. The lawsuit is recorded on that court's docket as Case No. 17-CI-199. There are no other parties named in Plaintiff's complaint.

2.    Prudential was served on December 27, 2017. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the summons and Plaintiff's complaint, which constitute "all summons, pleadings, and orders" served upon Prudential in the state court action, is attached hereto as Exhibit A. Because Defendant has filed this Notice of Removal within thirty days of Plaintiff's service, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).

3.     In her complaint, Plaintiff alleges that she was an employee of Catholic Health Initiatives ("CHI"), that Prudential "provided a long-term disability ("LTD") policy of insurance to employees of CHI, which included Plaintiff," and that she was "insured and covered under the LTD policy. (Ex. A, Compl. ¶¶ 4-6.)

4.     The Plaintiff further alleges that she "became disabled under the terms of the LTD policy and was unable to return to work at CHI." (Ex. A, Compl. ¶ 10.)  She alleges Prudential wrongfully terminated her claim for LTD benefits, and that she is entitled to those benefits. (Ex. A., Compl. ¶¶ 14, 20, 21.) She alleges the termination of benefits was a breach of contract, a breach of fiduciary duties, negligent, performed in bad faith, and in violation of the Kentucky Unfair Claims Settlement Practices Act, K.R.S. § 304.12-230 (2008). (Ex. A, Compl. ¶¶ 23-26.)

5.     The claims in this case are, however preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1101, et seq. because the benefit Plaintiff seeks is provided pursuant to CHI's ERISA-governed employee welfare benefit plan.

### Plaintiff's Claims Are Preempted By ERISA And Are Removable.

6.     This case is about whether Plaintiff is entitled to LTD benefits under CHI's LTD plan.  The plan that covered Plaintiff for LTD benefits is an employee welfare benefit plan that is governed by the Employee Retirement Income Security Act of 1974 as amended ("ERISA"), 29 U.S.C. § 1001, *et seq*.

7.     The benefits Plaintiff seeks are provided pursuant to an ERISA-governed benefit plan sponsored by Plaintiff's employer, Catholic Health Initiatives. The benefits are fully insured by Prudential pursuant to Group Contract No. GD-49038-CO.

8.     CHI maintains an employee benefit plan under which the LTD benefits at issue in this case are provided to eligible employees. The terms of this plan are set forth in a plan

document entitled the Catholic Health Initiatives ERISA Welfare Benefit Plan a copy of which is attached hereto as Exhibit B. It states in part that it

> hereby amends and restates effective January 1, 2011 an "employee welfare benefit plan," as defined in Section 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), known as the Catholic Health Initiatives ERISA Welfare Benefit Plan (hereinafter the "Plan"), originally established January 1, 1998, the terms of which are set forth in this Plan document and the Welfare Program documents… the Plan is, and shall be treated as, a single benefit plan to the extent permitted under ERISA.

(Ex.B, p. 4).

6. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

7. ERISA provides an exclusive federal cause of action for participants or beneficiaries in an ERISA plan who bring actions related to the recovery of benefits, including the claims for disability benefits alleged in the Complaint. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63 (1987); *Rush Prudential HMO Inc. v. Moran*, 536 U.S. 355 (2002).

8. As ERISA provides the exclusive remedy for a claim of benefits, ERISA "completely preempts" any state law claim or remedy based on any wrongful withholding of benefits promised under an employee benefit plan. *See, e.g., Aetna Health, Inc. v. Davila*, 542 U.S. 200, 220 (2004) (ERISA "completely preempts" any claim or remedy based on wrongful withholding of benefits, including claims with requirements beyond those for recovery under ERISA § 502(a), 29 U.S.C. § 1132(a)).

9. A claim filed in state court is removable to federal court under 29 U.S.C. § 1441(a) as an action arising under federal law, even where (as here) the complaint does not on its face allege that it arises under ERISA. *See, e.g., Metropolitan Life Ins. Co.*, 481 U.S. at 65-66

("Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502(a) [29 U.S.C. § 1132(a)] removable to federal court.") ("All such actions in Federal or State courts are to be regarded as arising under the laws under the United States.").

10. Because Plaintiffs' state common law breach of contract, breach of fiduciary duties, negligence, bad faith, and Unfair Claims Settlement Practices Act claims all seek benefits provided by the ERISA governed plan, these claims arise under federal law, specifically ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

11. The Court thus has original jurisdiction over these claims pursuant to 28 U.S.C. § 1331, and removal is proper under 28 U.S.C. § 1441.

### Alternatively, This Case is Removable Based Upon Diversity

12. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

13. Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).

14. In this case, both the "diversity" and "amount in controversy" requirements are met.

### The Parties Are Diverse

15. As reflected in Plaintiff's Complaint, Plaintiff is a citizen of the Commonwealth of Kentucky. (Ex. A, Compl. ¶¶ 1, 3.)

16. Section 1332 defines corporate citizenship as follows: "[f]or the purposes of this section and section 1441 of this title . . . a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c).

17. Defendant The Prudential Insurance Company of America is incorporated under the laws of the State of New Jersey, and its principal place of business is located in Newark, New Jersey. Defendant is not a citizen of the Commonwealth of Kentucky. See 28 U.S.C. § 1332(c)(1).

18. Thus, Plaintiff and Defendant are citizens of different states, and this case is "between citizens of different states." 28 U.S.C. § 1332(a), (c).

### The Amount In Controversy Exceeds $75,000

19. Plaintiff does not assert specific damages in her Complaint, but rather requests "full contractual benefits, attorney's fees, [and] pre-judgement and post-judgment interest." (Ex A. Compl. ¶ Wherefore). Plaintiff also alleges Prudential breached its fiduciary duty, was negligent, denied benefits in bad faith, and violated the Unfair Claims Settlement Practices Act (Ex. A Compl. ¶¶ 24-26) and she requests "Any and all other relief to which Plaintiff appears entitled" (Ex A. Compl. ¶ Wherefore).

20. In cases where a plaintiff has not specified an amount in controversy in a petition, the removing defendant "need only plausibly allege, not detail proof of, the amount in controversy." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 550 (2014). This Court should not decline jurisdiction unless it appears "to a 'legal certainty' that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938).

21. Plaintiff alleges that Prudential terminated her claim for LTD benefits effective October 21, 2016. (Ex. A Compl. ¶ 14). Pursuant to the terms and conditions of the applicable plan, Plaintiff's monthly LTD benefit was $1,764.88, and the total LTD benefits Plaintiff may recover as of the time of the filing of this notice of removal is $26,473.20 ($1764.88 multiplied by 15 months).[1] *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014)("'[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions unless the plaintiff contests the defendant's allegation of jurisdiction or the court questions it");*; Naji v. Lincoln*, 665 Fed.Appx. 397, 400 (6th Cir. 2016)(*citing Dart Cherokee*); *Adams v. Volkswagon Group of Amer. Inc.*, Case No. 15-184-DLB, 2016 WL 6986892, *2 (E.D. Ky. 2016)("If the plaintiff contests, or the Court questions, the defendant's assessment of the amount in controversy, both sides may submit proof in support of their respective positions."); *Evans v. Wells Fargo Bank, N.A.,* Case No. 15-2725-STA, 2016 WL 1248972, *3 (W.D. Tenn. 2016)("A removing defendant is not required to prove up the jurisdictional allegations of a notice of removal by submitting evidence with the notice.").

22. Additionally, Plaintiff alleges bad faith claim denial. In Kentucky, "when an insurance company acts in bad faith in dealing with its own insured, punitive damages may be awarded." *Estate of Riddle ex re. Riddle v. Southern Farm Bureau Life. Ins. Co.*, 421 F.3d 400, 410 (6th Cir. 2005), *citing Curry v. Fireman's Fund Ins. Co.*, 784 S.W.2d 176, 178 (Ky. 1989). "When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered ... unless it is apparent to a legal certainty that such cannot be recovered." *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 572 (6th Cir. 2001). District Courts

---

[1] There is potential for Plaintiff to receive future benefits. Prudential has not included any potential future benefits in their calculation of benefits, as those benefits are not vested.

"regularly accept[] punitive-damages estimates reached by applying a single-digit ratio—as approved by the Supreme Court, *see State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 424-46 (2003)—to a compensatory-damages amount based on evidence provided by the defendant." *Heyman v. Lincoln National Life. Ins. Co.*, Case No, 2017 WL 3274452, *3 (W.D. Ky. April 17, 2017)(holding that even a "conservative 2:1 punitive-to-compensatory ratio…easily pushes the amount-in-controversy over the jurisdictional threshold,"); *see also Farmland Mut. Ins. Co. v. Johnson,* 36 S.W.3d 368 (Ky. 2000)(upholding a $2 million punitive damage award on a $250,000 compensatory damage award in an insurance bad faith matter)*; Gatlin v. Shoe Show, Inc.*, Case No. 14-cv-00446, 2014 WL 3586498, *3 (W.D. Ky. 2014)(applying a 4:1 punitive to compensatory ration to meet the amount-in-controversy requirement).

23. Plaintiff also seeks relief under the Unfair Claims Settlement Practices Act, which grants 12% interest on benefits owed as well as attorney's fees. *See* KRS 304.12-235. "[R]easonable attorney fees, when mandated or allowed by statute, may be included in the amount in controversy for purposes of diversity jurisdiction." *Charvat v. GVN Mich., Inc.*, 561 F.3d 623, 630 n. 5 (6th Cir. 2009). "It is settled that the statutory penalty ... can be considered in determining whether the jurisdictional amount is met." *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975).

24. Using a punitive to compensatory damage ration of 2:1, Plaintiff's punitive damages would total $52,946.40. Added to Plaintiff's potential compensatory damages of $26,473.20, this amount is clearly enough to meet the amount-in-controversy requirement. Including Plaintiff's attorney's fees and 12% statutory interest, the amount-in-controversy is easily met in this matter. *See also Pendergrass v. Time Ins. Co*., 2010 WL 989154, * 2 (W.D.

Ky. 2010)(finding a contract claim over $35,000 met the amount in controversy requirement based on the potential of punitive damages and attorney's fees); *Brantley v. Safeco Insurance Company of America*, No. 1:11–CV–00054–R, 2011 WL 3360670 (W.D.Ky. 2011) (holding that the potential for attorney's fees, punitive damages, and $55,400.00 in compensatory damages in an action for breach of insurance contract, bad faith insurance practice and unfair claims settlement practice showed that it was more likely than not that the $75,000 amount in controversy requirement had been met).

25. Accordingly, pursuant to 28 U.S.C. § 1446(c)(2)(a), Prudential asserts that the amount in controversy as alleged by Plaintiff exceeds the requisite $75,000 threshold for diversity jurisdiction. See 28 U.S.C. § 1332(a).

26. Based on the foregoing, this Court has diversity jurisdiction over Plaintiff's claims. See 28 U.S.C. § 1332(a), (c).

27. This action is removable to this Court. 28 U.S.C. § 1441(a), (b).

### Venue and Notice

28. Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 97(a), this Court embraces the Jackson County Circuit Court, Commonwealth of Kentucky. Accordingly, this Court is the appropriate venue for removal of this action. 28 U.S.C. § 1441(a).

29. Prompt written notice of this Notice of Removal will be sent to Plaintiff through her counsel, and to the Clerk of Court for Scott County Circuit Court, Commonwealth of Kentucky as required by 28 U.S.C. § 1446(d). A copy of this notice is attached hereto.

30. Based on the foregoing, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §§ 1332. Therefore, the Court properly may exercise jurisdiction over this lawsuit. 28 U.S.C. §§ 1441(a).

31. Should Plaintiff seek to remand this case to state court, Defendant respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding this case. In the event the Court decides remand is proper, Defendant respectfully requests that the Court retain jurisdiction and allow Defendant to file a motion asking this Court to certify any remand order for interlocutory review by the Sixth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

WHEREFORE, Defendant submits that this action properly is removable based on diversity jurisdiction and respectfully request that the above-described action pending against it be removed to the United States District Court for the Eastern District of Kentucky. Defendant also requests all other relief, at law or in equity, to which it justly is entitled.

| | |
|---|---|
| DATED: January 16, 2018 | Respectfully submitted, |
| | THE PRUDENTIAL INSURANCE COMPANY OF AMERICA |
| | s/ P.J. Painter<br>One of Its Attorneys |

Paul J. Painter
QUINTAIROS, PRIETO, WOOD
& BOYER, P.A.
9300 Shelbyville Road
Suite 400
Louisville, KY 40222
Telephone: (502) 423-6390
Facsimile: (502) 423-6391
E-mail: ppainter@qpwblaw.com

# **CERTIFICATE OF SERVICE**

I, Paul J. Painter, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing DEFENDANT'S NOTICE OF REMOVAL to be served upon the following, by depositing a copy of same in the U.S. Mail, postage prepaid, on this 16th day of January, 2018:

Sandra M. Varellas
Varellas & Varellas
249 West Short St., Ste. 201
Lexington, KY 40507

Elizabeth A. Thornsbury
Erik D. Peterson
Mehr, Fairbanks & Peterson PLLC
201 West Short St., Ste. 800
Lexington, KY 40507

*Attorneys for Plaintiff*

/s/ P.J. Painter
Paul J. Painter