EXHIBIT A

 CT Corporation

# Service of Process Transmittal
12/27/2017
CT Log Number 532535661

**TO:** Jessica Roessel, Process Mgmt Analyst
PGIM Real Estate
Viewing Rights Only, 751 Broad Street
4th Floor
Newark, NJ 07102

**RE:** Process Served in Kentucky

**FOR:** The Prudential Insurance Company of America  (Domestic State: NJ)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Patricia Brockman, Pltf. vs. The Prudential Insurance Company of America, Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Jackson County Circuit Court, KY<br>Case # 17CI00199 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Frankfort, KY |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 12/27/2017 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED:** | Kentucky |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service |
| **ATTORNEY(S) / SENDER(S):** | Elizabeth A Thornsbury<br>Mehr, Fairbanks & Peterson Trial Lawyers PLLC<br>201 West Short Street<br>Suite 800<br>Lexington, KY 40507<br>859-225-3731 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/28/2017, Expected Purge Date: 01/02/2018<br><br>Image SOP<br><br>Email Notification,  Legal Process Unit  legal.process.unit@prudential.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 306 W. Main Street<br>Suite 512<br>Frankfort, KY 40601 |
| **TELEPHONE:** | 609-538-1818 |

Page 1 of  1 / HN

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



DORIS KAY WARD
CIRCUIT COURT CLERK
JACKSON CIRCUIT & DISTRICT COURTS
JACKSON COUNTY JUDICIAL CENTER
100 FIRST STREET, P.O. BOX 84
MCKEE, KENTUCKY 40447-0084

17-CI-199



CERTIFIED MAIL

7015 0640 0007 5197 2888

$ 006.56
DEC 21 2017
MAILED FROM ZIP CODE 40447

CT Corporation System
306 W Main St Ste 512
Frankfort, Ky 40601

4060131840 C003

| | | |
|---|---|---|
| AOC-E-105    Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #: **17-CI-00199**<br>Court:  **CIRCUIT**<br>County: **JACKSON** |

*Plantiff,* BROCKMAN, PATRICIA VS. PRUDENTIAL INSURANCE COMPANY OF AMERI, *Defendant*

**TO:**  CT CORPORATION SYSTEM
     306 WEST MAIN STREET, SUITE 512
     FRANKFORT, KY 40601

Memo: Related party is PRUDENTIAL INSURANCE COMPANY OF AMERICA

The Commonwealth of Kentucky to Defendant:
**PRUDENTIAL INSURANCE COMPANY OF AMERICA**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Doris Kay Ward, Jackson Circuit Clerk
Date: **12/20/2017**

Presiding Judge: HON. OSCAR GAYLE HOUSE (641293)

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

Date: _____, 20____              Served By _____

                                          Title _____

Summons ID: @00000030331
CIRCUIT: 17-CI-00199 Certified Mail
BROCKMAN, PATRICIA VS. PRUDENTIAL INSURANCE COMPANY OF AMERI



Page 1 of 1



CI : 000001 of 000001

Filed          17-CI-00199    12/20/2017          Doris Kay Ward, Jackson Circuit Clerk

COMMONWEALTH OF KENTUCKY
JACKSON CIRCUIT COURT
CIVIL ACTION NO. 17-CI-199
*Electronically Filed*

PATRICIA BROCKMAN                                        PLAINTIFF

vs.            **COMPLAINT AND JURY DEMAND**

PRUDENTIAL INSURANCE COMPANY OF AMERICA            DEFENDANT

    **To be served through:**
    CT Corporation System
    306 West Main Street
    Suite 512
    Frankfort, KY 40601

\*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\*

Comes the Plaintiff, Patricia Brockman, and for her Complaint and Jury Demand against Defendant Prudential Insurance Company of America, states as follows:

1. Plaintiff Patricia Brockman is a citizen and resident of Jackson County, Kentucky.

2. Defendant Prudential Insurance Company of America ("Prudential") is an insurance company believed to be domiciled in the state of New Jersey, authorized to do the business of insurance in Kentucky by holding a Kentucky Certificate of Authority. Prudential's service of process agent is CT Corporation System, located at 306 West Main Street, Suite 512, Frankfort, KY, 40601.

3. Jurisdiction is proper in this Court because Prudential transacts business, issued a policy of insurance in, and caused damages in the Commonwealth of Kentucky, and Plaintiff resides in, and was caused harm in, Jackson County, Kentucky.

Package:000003 of 000007
Presiding Judge: HON. OSCAR GAYLE HOUSE (641293)
Package : 000003 of 000007

4. At the time of the circumstances giving rise to this lawsuit, Plaintiff was an employee of Catholic Health Initiatives ("CHI") employed as an Assistant to the Administrator and Medical Transcriptionist at KentuckyOne Health Cardiology & Pulmonary Associates.

5. Prudential provided a long-term disability ("LTD") policy of insurance to employees of CHI, which included Plaintiff.

6. Plaintiff was an insured and was covered under the LTD policy.

7. The LTD policy defines disability and entitles Plaintiff to receive benefits, if Plaintiff meets the following definition:

> You are disabled when Prudential determines that:
>
> - you are unable to perform the *material and substantial duties* of your *regular occupation* due to your *sickness* or *injury*; and
>
> - you are under the *regular care* of a *doctor*; and
>
> - you have a 20% or more loss in *monthly earnings* due to that sickness or injury.
>
> After 24 months of payments, you are disabled when Prudential determines that due to the same sickness or injury:
>
> - you are unable to perform the duties of any *gainful occupation* for which you are reasonably fitted by education, training or experience; and
>
> - you are under the regular care of a doctor.[1]

8. The LTD policy defines "gainful occupation" as "an occupation, including self employment, that is or can be expected to provide you with an income within 12 months of your return to work, that exceeds: 60% of your *indexed monthly earnings*, if you are working; or 60% of your monthly earnings, if you are not working."

---

[1] Emphasis in original.

9. Prudential has responsibility for payment of any LTD benefits due according to the terms and conditions of the LTD policy.

10. Plaintiff, while working for CHI, became disabled under the terms of the LTD policy and was unable to return to work at CHI, and remains disabled under the terms of the LTD policy.

11. Plaintiff timely and properly submitted a claim to Defendant, consistent with the terms of the LTD policy. Plaintiff's LTD claim number is believed to be 12144674 and the control number is believed to be 49038/00005.

12. Plaintiff was approved for and received short-term disability benefits.

13. On or about December 18, 2015, Defendant approved Plaintiff's claim for long-term disability benefits, with an effective date of July 13, 2015.

14. By letter dated October 21, 2016, Defendant denied Plaintiff's claim for LTD benefits beyond October 21, 2016.

15. On or about April 18, 2017, Plaintiff timely and properly appealed the denial of her disability benefits, in the manner set forth in the LTD policy.

16. In response to Plaintiff's appeal, Defendant sent Plaintiff a letter dated May 31, 2017, in which Defendant approved Plaintiff's claim from October 22, 2016 until January 17, 2017.

17. On or about November 14, 2017, Plaintiff timely and properly appealed the denial of her disability benefits beyond January 17, 2017, in the manner set forth in the LTD policy.

18. In response to Plaintiff's appeal, Defendant sent a letter dated December 18, 2017, in which Defendant continued to deny Plaintiff's LTD benefits beyond January 17, 2017.

19. Plaintiff has timely and properly exhausted any required administrative remedies and appeals.

20. Plaintiff is entitled to payment of LTD benefits, as Plaintiff meets the definition of "disabled" under the terms of the LTD policy.

21. Defendant has wrongfully withheld, and is responsible for, payment of LTD benefits to those entitled to benefits under the LTD policy, including Plaintiff.

22. Plaintiff is entitled to LTD benefits, and Defendant should be required to perform under the contract and pay LTD benefits to Plaintiff.

23. The denial of Plaintiff's claim for LTD benefits is a breach of contract, and Defendant's breach of its contractual duties and obligations has caused Plaintiff damages.

24. The decision of Defendant to deny contractual benefits under the LTD policy is erroneous, a breach of fiduciary duties, negligent, an abuse of discretion, arbitrary and capricious, and contrary to the overwhelming evidence supplied to Defendant in the medical records and other information supplied by Plaintiff and on Plaintiff's behalf.

25. The aforesaid conduct of Defendant in discontinuing contractual benefits constitutes bad faith in that Defendant lacks a reasonable basis to deny benefits and knows or has acted recklessly as to whether such a basis for denial exists.

26. The actions of Defendant violate KRS § 304.12-230, the Unfair Claims Settlement Practices Act, and entitle Plaintiff to recover attorney's fees and interest under KRS § 304.12-235.

27. The above actions by Defendant have directly and proximately caused emotional and mental pain and suffering, anxiety, inconvenience, and financial problems, which would not have occurred, but for the wrongful conduct of Defendant.

28. The LTD policy and coverage does not meet the qualifications of a plan under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et. seq.*

29. Defendant should be enjoined from stopping payments under the contract.

30. The damages sought for the aforesaid injuries are in excess of the jurisdictional limits of this Court.

WHEREFORE, Plaintiff Patricia Brockman demands the following relief:

1. Judgment against Defendant for full contractual benefits, attorney's fees, pre-judgment and post-judgment interest; and

2. Trial by jury; and

3. Any and all other relief to which Plaintiff appears entitled.

Respectfully submitted:

/s/ Elizabeth A. Thornsbury
ELIZABETH A. THORNSBURY
Email: elizabeth@austinmehr.com
ERIK D. PETERSON
Email: edp@austinmehr.com
**Mehr, Fairbanks & Peterson
Trial Lawyers, PLLC**
201 West Short Street, Suite 800
Lexington, Kentucky 40507
Telephone: (859) 225-3731
Facsimile: (859) 225-3830

and

SANDRA M. VARELLAS
Varellas & Varellas
249 West Short Street, Suite 201
Lexington, KY 40507-1245
Telephone: (859) 252-4473
Facsimile: (859) 252-4476
Email: svarellas@varellaslaw.com

*Counsel for Plaintiff*